

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-10-2005

# Spinelli v. Costco Whsle

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2183

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Spinelli v. Costco Whsle" (2005). *2005 Decisions.* Paper 714.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/714

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2183

MATTHEW J. SPINELLI;
MARGARET A. SPINELLI,
                              Appellants

v.

COSTCO WHOLESALE CORPORATION
dba COSTCO WHOLESALE

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 02-cv-08028
(Honorable Berle M. Schiller)

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 24, 2005

Before: SCIRICA, *Chief Judge*, ALITO and RENDELL, *Circuit Judges*

(Filed:    August 10, 2005)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

In this diversity case, the District Court denied Appellants' motion for a new trial following a defense jury verdict in their personal injury action. We will affirm.

## I.

Appellants Matthew and Margaret Spinelli filed suit in state court against Costco Wholesale Corporation ("Costco") for personal injuries suffered by Margaret Spinelli at a Costco store in Montgomeryville, Pennsylvania. Mrs. Spinelli alleged she slipped on a food-like substance and as a result broke her right knee, which required surgery. Costco removed the case to the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. § 1332 and § 1441. The jury returned a verdict for Costco. Appellants filed a motion for a new trial, which the District Court denied, and Appellants now appeal.

## II.

We have jurisdiction under 28 U.S.C. §1291. Under Fed. R. Civ. P. 59, "[a] new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." We review issues of law de novo and the District Court's decision to grant or deny a new trial for abuse of discretion. *Pryor v. C.O. 3 Slavic*, 251 F.3d 448, 453 (3d Cir. 2001).

III.

Appellants' theory of the case is that Mrs. Spinelli fell in an area that was frequently dirty with trash and food and that Costco had prior knowledge of this condition but failed to fix it. On appeal, Appellants claim trial and evidentiary errors necessitate granting a new trial.

A.

Appellants first challenge the District Court's evidentiary ruling concerning the testimony of Guy Delmonte. As a general manager of Costco's store, Delmonte supervised store operations, including general safety. Appellants sought to elicit his testimony on whether the area of Mrs. Spinelli's incident was routinely the "dirtiest" in the store. Appellants contend the District Court erred in instructing their counsel to rephrase a question using the word "messiest" instead of "dirtiest."

The argument lacks merit because the District Court gave no such instruction. The record is clear that the court neither prevented nor impeded counsel's questioning of the witness. After a succession of questions and objections by the parties, the court requested that Appellants' counsel clarify and repeat his question to Mr. Delmonte. But the court placed no limitation on use of the word "dirtiest" as opposed to "messiest." Counsel then withdrew the question and elected not to press the matter further. We see neither error nor prejudice.

B.

Olga Miano was one of several Costco employees responsible for making periodic store inspections and summarizing the findings in reports called "floor walk sheets." Appellants sought to elicit testimony from Miano on the nomenclature used in the floor walk sheets.[1] They also sought her testimony concerning every floor walk sheet completed during the two and a half weeks preceding the incident. Apparently Appellants believed this was probative of Costco's knowledge of the floor condition. The District Court ruled that Miano need not testify about every floor walk sheet, but only about those which she personally had prepared.[2] We see no prejudicial error here. *See* Fed. R. Evid. 602 (generally limiting testimony to matters with which the witness is personally familiar). Furthermore, all of the floor walk sheets were stipulated to by Costco, entered into the record, and were available to the jury during deliberations.[3] It

---

[1]Miano testified that Costco's employees labeled problems, "P," and messes, "M."

[2]The court asked Appellants' counsel during Ms. Miano's examination, "Did she do these charts?" Counsel replied that Ms. Miano was responsible for "some" but "not all of them."

[3]The District Court also commented that Ms. Miano's testimony concerning the reading of floor walk sheets would be "boring" and potentially a "waste of time." Appellants contend this statement was unfairly prejudicial. We disagree. Appellants' counsel sought to read the floor walk sheets to the jury even after the parties stipulated to their contents and entered them as exhibits. In this context, the District Court's comments referred to the redundant submission of evidence, not the merits of Appellants' case. We see neither error nor prejudice.

would have been unnecessary and redundant to read to the jury the full content of each document.

IV.

For the reasons stated, we will affirm the denial of appellants' motion for a new trial.

5